THOMPSON *v.* MARTIN, et al.

No. 41339        February 1, 1960        117 So. 2d 702

*Robert E. Covington, Jr.,* Quitman; *K. Hayes Calli-cutt, Frank T. Williams, Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*Riddell & Dabbs,* Quitman; *Snow, Covington & Shows,* Meridian, for appellees.

HALL, J.

This is an appeal from a judgment of the Circuit Court of Clarke County, wherein the survivors of Royce Reed Thompson brought suit against Vern W. Spickard and A. C. Martin for the recovery of damages for his death in an automobile and truck collision a few miles west of Quitman at the intersection of State Highway No. 18, which is a blacktopped highway, with old Highway No. 18. In the accident in question the Thompson boy was riding as a passenger of Byron C. McLeod who was the owner of the automobile. In the collision Thompson was horribly burned to death. The theory of the plaintiffs' case was that the truck operated by Spickard and Martin was parked on the old highway with the front of the truck extending into the hard surfaced portion of the new highway so as to block the same, and with the headlights

thereon shining to the east so as to be confusing to the driver of the car in which plaintiffs' intestate was riding, and so as to blind him in undertaking to pass the truck.

██ ██ It is sufficient to say that the facts in the case were in dispute and that there was evidence to support the plaintiffs' theory of the case. In this state of the case, the defendants requested and were granted the following instruction: "The Court instructs the jury that the driver of the automobile in which deceased was riding was guilty of negligence in so driving the automobile as to cause it to run into the truck and his negligence was a proximate cause of the car running into and colliding with the truck." We think that the granting of this instruction peremptorily charging the jury that the driver of the automobile, in which deceased was riding, was guilty of negligence in so driving the automobile as to cause it to run into the truck, and that his negligence was a proximate cause of the car running into and colliding with the truck, was erroneous, and that said instruction should not have been granted and that it requires a reversal of this case.

The defendants also requested and were granted the following instruction: "The Court instructs the jury that if you believe from the preponderance of the evidence in this case that the two gentlemen, Mr. Thompson and Mr. McLeod were acting together and in concert, then, if you so find the driver's negligence is imputed to and was the negligence of deceased."

██ ██ We do not think that there was any basis for an instruction authorizing the jury to find that Thompson and McLeod were acting together and in concert, and that the negligence of McLeod is imputed to and was the negligence of the deceased. For the erroneous granting of this instruction, we are of the opinion that the case should be reversed and remanded for another trial. There was no evidence that Thompson and McLeod were acting together and in concert and that the

driver's negligence is imputed to and was the negligence of the deceased. The accident in question occurred in almost a split second after McLeod, the owner of the car, which he was driving, came upon the scene; and this is not a case where the deceased had an opportunity to observe any reckless driving on the part of McLeod, and is not a case where he had sufficient time in which to protest against the alleged negligence of the driver and owner of the car in which he was riding. There is no evidence that Thompson had been put on notice that McLeod was a reckless driver, and there is nothing in the record to show that McLeod's negligence should be imputed to Thompson.

It is also assigned as error that the trial court erred in refusing to permit a witness for the plaintiffs to testify as to the point of impact. We do not pass upon this alleged error, but we observe that during the trial, after the plaintiffs had offered to show the point of impact by witnesses who were not present at the moment of collision, that the defendant came along and introduced witnesses who also were not present at the time who did testify as to the point of impact, but, as stated, we do not pass upon this question. However, for the reasons given, the judgment of the lower court must be reversed and the cause remanded for another trial on the merits.

Reversed and remanded.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.

ON MOTION TO RETAX COSTS

HALL, J.

In entering the judgment in this case the Clerk's office inadvertently entered a judgment to the effect that all costs arising in this Court and all costs arising in the court below should be taxed against the appellants and

the appellants have filed a motion under authority of Section 1579 of the Mississippi Code of 1942 to retax all costs in this Court and in the court below against the appellees.

The appellants rely on the case of Wolff v. Mauceli, 117 So. 2d 332-333, but we do not think that that case is controlling of the entire relief sought by the motion as to all costs in the court below. However, we are of the opinion that all costs in this Court should be taxed against the appellees and to that extent the motion to retax costs will be sustained.

Motion to retax costs sustained.

All justices concur except *Roberds* and *Arrington, JJ.,* who took no part.